## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

DANIEL ASANTE OPONG,                       :
                                           :
                    Petitioner,            :
                                           :
v.                                         :        CASE NO. 7:11-CV-172 CDL-MSH
                                           :               28 U.S.C. § 2241
ERIC HOLDER, FELICIA SKINNER,              :
JANET NAPOLITANO, and                      :
BARBARA WALRATH,                           :
                                           :
                    Respondents.           :
_____

## RECOMMENDATION OF DISMISSAL

Presently pending before the Court is Respondents' motion to dismiss, filed on February 21, 20112.  (ECF No. 10.)  In his application for habeas relief pursuant to 28 U.S.C. § 2241, Petitioner was challenging the legality of his continued detention by the Immigration and Customs Enforcement agency.  (Pet. for Writ of Habeas Corpus 2, ECF No. 1.)  Along with the motion to dismiss, Respondents filed a declaration by Deportation Officer Sean Crow (Crow Decl., Feb. 15, 2012, ECF No. 10-1) and a Release Notification (Mot. to Dismiss Ex A) stating that Petitioner was released on supervised release on February 1, 2012, pending his removal to his native country of Ghana. Because of Petitioner's release, Respondents now contend that Petitioners' pending § 2241 petition is moot and should be dismissed as such.  (Mot. to Dismiss 1, 3-6.)

On February 22, 2012, the Court ordered Petitioner to respond to the Motion to Dismiss and specifically requested that in a response and reply the parties address the

Eleventh Circuit's holding in *Alvarez v. Holder*, Nos. 10-13907, 10-14056, 2011 WL 6187122 (11th Cir. Dec. 14, 2011).  (Order for Resp. 2, Feb. 22, 2012.)  In that case, the Eleventh Circuit held that the district court had jurisdiction over the petitioner's § 2241 application for habeas relief despite his release on an order for supervised release. *Alvarez*, 2011 WL 6187122, at * 2.  Petitioner has failed to respond to Respondents' Motion to Dismiss; and consequently, Respondents have not filed a reply.  Therefore, the Court recommends dismissal of Petitioner's action without prejudice for failure to prosecute pursuant to Federal Rules of Civil Procedure Rule 41(b).[1]

WHEREFORE, IT IS RECOMMENDED that Petitioner's Application for writ of habeas corpus be DISMISSED without prejudice for failure to prosecute.  Respondents' Motion to Dismiss (ECF No. 10) should consequently be DENIED as moot.  Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 27th day of March, 2012.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court does not reach the issue of mootness because the Petitioner has neglected to prosecute his case since his release.